## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:06CV00511 |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **JUANITA BROWNING and WILLIAM** | : | PLAINTIFFS |
| **BROWNING** | : | |
| | : | |
| v. | : | |
| | : | |
| **WYETH, et al.** | : | DEFENDANTS |

### ORDER

Pending is Plaintiffs' Motion to Remand (Doc. No. 5). Defendants have responded[1] and Plaintiffs have replied.[2] Argument was heard at the December 15, 2006 status conference and the parties submitted follow-up briefs.[3] Plaintiffs assert that this case should be remanded to Kentucky's Pike Circuit Court for want of diversity jurisdiction.

### BACKGROUND

Plaintiff, Juanita Browning, has breast cancer, which she alleges is "a result of Defendants' collective negligence."[4] The named Defendants include several manufacturers of

---

[1] Doc. No. 9.

[2] Doc. No. 13.

[3] Doc. Nos. 14 and 15.

[4] Doc. No. 5, Ex. 2.

1

HRT drugs,[5] pharmacies,[6] and several health care providers.[7] The complaint asserts strict liability, negligence, misleading advertising and promotion, and misrepresentation claims against both the drug manufacturers and the pharmacies. Against the physicians, Plaintiffs assert a claim of medical negligence.[8]

The pharmacies and physicians are non-diverse parties. However, the drug manufacturers contend that the pharmacies are fraudulently joined and the physicians are misjoined.

**DISCUSSION**

**A.     Fraudulent Misjoinder of Physicians**

Under Rule 20(a), there are two requirements for establishing joinder of claims: (1) there must be a common question of law or fact, and (2) the case must arise out of the same transaction, occurrence, or series of transactions or occurrences.[9] Fraudulent misjoinder exists when a plaintiff sues both diverse and nondiverse defendants in state court, even though there is "no joint, several or alternative liability and . . . the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant."[10]

---

[5]Wyeth, AHP Subsidiary Holding Corporation, Wyeth Ayerst Laboratories Company, Wyeth Pharmaceuticals Inc, Wyeth Ayerst Pharmaceuticals Inc, Pfizer Inc, Pharmacia & Upjohn Company, and American Home Products Inc.

[6]Family Pharmacy, CVS Pharmacy, and Hook--Superx Inc.

[7]Mingo Pike Radiology, Narra Radiology, Dr. Bapuji Nappa, and Dr. Jenq-Sheng Liu.

[8]Plaintiff's husband asserts Loss of Consortium claims against all Defendants, but those are irrelevant to the pending motion.

[9]FED. R. CIV. P. 20(a).

[10]*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

The parties have vigorously debated the adequacy of Plaintiffs' complaint. For example, the complaint initially fails to allege that Dr. Liu prescribed HRT medication to Plaintiff. While the complaint is nowise a model for the form books, that issue does not ease my concern regarding the joinder of the physicians. In later pleadings, Plaintiff asserts that Dr. Liu was the prescribing physician. These Defendants probably should not be separated, because, when the time for apportioning fault comes, the drug manufacturers and the physicians may well blame each other.

### B. Fraudulent Joinder of Pharmacies

Although I am dubious about whether the claims against the pharmacy defendants are properly joined, I am without jurisdiction to address the matter, and leave this to the state court.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiffs' Motion to Remand (Doc. No. 5) is GRANTED. Accordingly, this case is REMANDED to Kentucky's Pike Circuit Court.

IT IS SO ORDERED this 21st day of March, 2007.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE